PER CURIAM:
The claimant brought this action for personal injuries to her ankle which she sustained after stepping into a drain hole on a road maintained by the respondent in Clay County. The Court is of the opinion that the drain in question presented a significant hazard and makes an award for the claimant as stated more fully below.
The incident giving rise to this action occurred on January 24, 1997, at approximately 9:00 p.m. The claimant had driven to the town of Clay and had stopped in the vicinity of School Street and WV Route 16 to purchase a beverage from a vending machine. The evidence adduced at hearing was that upon returning to her vehicle, the claimant stepped from the curb into an open drain on the paved portion of the road. The claimant sustained torn ligaments in her left ankle and missed three weeks of work while recovering.
The claimant introduced into evidence several photographs taken after the fact which established that the open drain hole extended from the curb into the respondent’s right of way. Clay municipal officials subsequently covered the hole with a steel plate. It was the respondent’s position that the town of Clay is responsible for all storm drains and that therefore the respondent cannot be held liable. The Court finds this position untenable due to the fact that the drain hole in question was located well within the respondent’s right of way. Trail vs. Division of Highways, (CC-95-138), unpublished opinion issued January 26, 1996. The Court finds that the respondent should have known of the defect and corrected it in a timely manner.
At the time of her injury, the claimant was a waitress working five days a week. Her weekly wage was $130.00, plus approximately $50.00 per day in tips. Therefore her average weekly gross income was approximately $380.00 ($130.00 + $250.00). The claimant testified that she missed three weeks of work due to her injury and that upon her return she worked two weeks at the cashier at a flat $130/week salary before resuming her regular duties as waitress. Therefore the claimant’s total gross lost income was $1,640.00, which, when adjusted at a 20 percent tax rate, equates to a net economic loss of $1,312.00. Finally, the claimant testified that her out-of-pocket medical expenses were in the amount of $10.00. In view of the foregoing, the Court finds that the claimant is entitled to an award representing her total lost earnings and medical costs in the total amount of $1,322.00.
Award of $1,322.00.